UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
UNITED STATES OF AMERICA　　　　:　　Crim. No. 3:23CR222 (JAM)
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　v.　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
TYRONE ALLEN　　　　　　　　　　　　:　　January 18, 2024
　　　　　　　　　　　　　　　　　　　　:
---------------------------------------------------------x

<u>FINDINGS AND RECOMMENDATION ON A PLEA OF GUILTY</u>

　　　　The captioned matter was referred to the undersigned and a hearing pursuant to Fed. R. Crim. P. 11 was conducted on January 18, 2024, in person and on the record, with the written consent of the defendant, counsel for the defendant and counsel for the United States, regarding the defendant's request to enter a plea of "Guilty" to Counts One and Three of an Indictment charging him with Conspiracy to Commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) and Unlawful Possession of a Firearm by a Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

　　　　Based upon the answers given by the defendant under oath and in the presence of counsel; the remarks of defense counsel and counsel for the government; and the written representations in the plea agreement, including the stipulation of offense conduct and relevant conduct contained therein, I find the following:

- That the defendant understands he was under oath and that to the extent he provides any false statements, he understands he may be prosecuted by the government for perjury or making a false statement and that the government may use the substance of those statements in any such prosecution;

1

- that the defendant is competent to plead and understands his right to plead not guilty, and having already so pleaded, his right to persist in that plea;

- that he understands the nature of the charges against him in Counts One and Three of the Indictment to which he pleaded guilty;

- that he knows he has the right to be represented by counsel at trial and at every other stage of the proceeding, and, if necessary, have the court appoint counsel at no cost to him, and is satisfied with his current counsel;

- that he understands his right to trial by jury, including the right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses, and that he understands he would be giving up these rights if he pleaded guilty and the Court accepts his plea;

- that he knows the maximum possible sentence that could be imposed as to both charges, including the maximum possible terms of imprisonment and supervised release, the consequence of a violation of supervised release as to each count, the maximum potential fines that could be imposed as to both charges, the mandatory special assessment of $100 per count of conviction for a total special assessment of $200.00 and that the Court has the authority to order restitution although the parties acknowledge that restitution does not specifically apply in this case. He also understands that the Court, as part of any sentence imposed, has the authority to order forfeiture of a Taurus firearm and associated ammunition, magazines and other accessories seized from on April 28, 2023, all of which he has agreed to forfeit in his plea agreement.

- that he knows that the Court is obligated to consider the advisory sentencing guidelines range, possible departures under the sentencing guidelines, and other sentencing factors under applicable sentencing law, and that any factual disputes at sentencing will be resolved by the Court by a preponderance of the evidence or that the Court may choose not to resolve them;

- that he understands the potential immigration consequences of a felony conviction, including likely removal from the United States if he is not a United States citizen, and that he understands the other collateral consequences of a felony conviction;

- that he knows he will not be permitted to withdraw his plea of guilty if the calculation of the sentencing guidelines or the sentence ultimately imposed is other than he anticipates;

- that he understands the terms of his plea agreement;[1]

- that he understands his right to appeal, including limitations placed on that right by the terms of a waiver in his plea agreement, and that such waiver is knowing and voluntary;

- that the defendant understands the elements of the offenses to which he pleaded guilty, which the government is required to prove beyond a reasonable doubt at a trial, and that there is a factual basis for the defendant's plea to Counts One and Three of the Indictment; and

- that the defendant's waiver of rights and plea of guilty as to each of the two counts have been knowingly and voluntarily made, are of his own free will, were not coerced and were not the product of any other promises other than those contained in the plea agreement.

The Court also finds that, based on the representations of government counsel, there are no parties who had rights in regard to this proceeding under 18 U.S.C. § 3771.

---

[1] The undersigned notes that various typographical errors in the plea agreement became apparent to the Court, some prior to the start of the hearing and others during the course of the plea colloquy. These were corrected by hand and initialed by counsel, the defendant and the Court and the Court canvassed the defendant as to his understanding of and consent to the changes.

3

Accordingly, I hereby RECOMMEND that the defendant's plea of guilty to Count One of the Indictment, that is, a violation of 18 U.S.C. § 1951(a) and Count Three, that is, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) be accepted.

Dated this 18th day of January, 2024, at Bridgeport, Connecticut.

/s/ S. Dave Vatti

S. Dave Vatti,
United States Magistrate Judge